No. 24-1942

# United States Court of Appeals For the First Circuit

_____

BLUERADIOS, INC., a Colorado corporation,

*Plaintiff–Appellant*,

v.

HAMILTON, BROOK, SMITH & REYNOLDS, P.C. a Massachusetts professional corporation; DAVID J. THIBODEAU, JR., an individual; LAWRENCE P. COGSWELL, III, an individual; GERALD KAZANJIAN, an individual; STEPHEN D. BROOK, as Personal Representative of the Estate of David E. Brook; JOSHUA MATLOFF, an individual; NELSON SCOTT PIERCE, an individual,

*Defendants–Appellees*.

_____

On Appeal from the United States District Court for the District of Massachusetts, Case No. 1:21-CV-10488-DJC, the Hon. Denise J. Casper, District Judge

## OPPOSITION TO MOTION FOR LEAVE TO FILE AMICUS BRIEF OF US INVENTOR, LLC

Carolyn J. Fairless
David J. Schaller
Frederick R. Yarger
William D. Hauptman
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
E-mail: fairless@wtotrial.com
schaller@wtotrial.com
yarger@wtotrial.com
hauptman@wtotrial.com
*Attorneys for Defendants-Appellees*

Appellees oppose the Motion Nunc Pro Tunc for Leave to File Amicus Brief of Amicus US Inventor, LLC in Support of Plaintiff-Appellants and in Favor of Reversal (the Motion for Leave).

An amicus brief should be allowed only when "the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). An amicus brief also must be filed "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). US Inventor's Motion for Leave and proposed amicus brief fail to satisfy these requirements, so the Court should deny the Motion for Leave.

*First*, the proposed amicus brief addresses matters irrelevant to the disposition of this case. Its arguments rest on two erroneous assumptions: that BlueRadios and Appellees' actual client, Kopin Corporation, had a "joint venture" and that the district court's summary-judgment order undermines joint ventures. Proposed Br. at 1, 3-4, 9, 14. These assumptions find no support in the record. BlueRadios never sought to prove the existence of a joint venture. That is because, in BlueRadios' separate lawsuit against Kopin, a federal district court held that "Kopin owes no fiduciary duty to BlueRadios," and, "rather than creating 'a special relationship of trust,' the undisputed evidence portrays BlueRadios' agreement with Kopin to be the result of a standard business transaction." A1893.

1

Further, US Inventor ignores the record altogether in asserting that the district court's rejection of BlueRadios' continuous-representation argument unfairly "burdens" inventors by requiring them to "monitor" patent counsel. Proposed Br. 3-7. As the district court explained, BlueRadios' claims are untimely—and no tolling doctrine applies—both because (1) conduct that BlueRadios alleges caused its damages is the very same conduct that ***Appellees themselves*** alerted BlueRadios to in 2008 and 2009, ADD17-21, 27; and (2) BlueRadios itself looked up the publicly available patent applications forming the basis of its claims in 2014 and identified the same things that it later alleged were wrong with them, ADD24-27. No "monitoring" was required, and the district court's opinion does not "burden" inventors. US Inventor's argument thus is irrelevant and unhelpful.[1]

***Second***, the proposed amicus brief was not timely filed. BlueRadios filed its brief on February 24, 2025, and filed a corrected brief on March 20, 2025. It was not until the night of May 9, 2025—over seven weeks after BlueRadios filed the

---

[1] US Inventor does not purport to have an expertise in Massachusetts statute-of-limitations law; the Florida organization's stated interest is that its members have "an intimate familiarity with the innerworkings of the U.S. patent and trademark system." Proposed Br. 1. Even so, US Inventor seeks to advise the Court about Massachusetts statute of limitations law and effectively asks this Court to alter Massachusetts statute of limitations law for policy reasons—a request inconsistent with the role of federal courts.

corrected brief, and almost two weeks after the Court accepted the corrected brief—that US Inventor filed its Motion for Leave. And because its first motion was non-compliant, US Inventor filed its corrected Motion for Leave 11 days after that, on May 20. The Motion for Leave nowhere acknowledges this failure. Nor does it seek to justify US Inventor's inexcusable delay. An order granting the Motion for Leave at this point, just eight days before Appellees' brief is due, would unfairly prejudice Appellees, whose counsel have been drafting Appellees' brief and do not know whether the amicus brief will be accepted for filing and considered by the merits panel. If the Motion for Leave is granted, Appellees will be forced to make last-minute revisions to their brief to address US Inventor's misplaced arguments.

For these reasons, Appellees respectfully request that the Court deny the Motion for Leave and reject the accompanying proposed amicus brief.

Dated: May 20, 2025	Respectfully submitted,


*s/ William D. Hauptman*
Carolyn J. Fairless
David J. Schaller
Frederick R. Yarger
William D. Hauptman
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
E-mail: fairless@wtotrial.com
schaller@wtotrial.com
yarger@wtotrial.com
hauptman@wtotrial.com

Attorneys for Defendants-Appellees

# CERTIFICATE OF SERVICE CM/ECF

I hereby certify that on May 20, 2025, I electronically filed the foregoing document with the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that the parties' counsel of record are registered as ECF Filers and will be served by the CM/ECF system.

I further certify that on May 20, 2025, I served a copy of the foregoing document on the following counsel for US Inventor, LLC by email:

Timothy Cornell
Cornell Dolan PC
Ten Post Office Square
Boston, MA 02109
tcornell@cornelldolan.com

*s/ William D. Hauptman*